UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-21-SS-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PATRICK DUANE WHEELER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Patrick Wheeler was sentenced to a term of imprisonment of 327 months on January 8, 2007. [Record No. 130] Although he faced a life sentence based upon his status as a career offender, Wheeler received the benefit of a motion filed by the United States under 18 U.S.C. § 3553(3) and Section 5K1.1 of the United States Sentencing Guidelines. On March 3, 2008, Wheeler was notified by the Court that he did not qualify for a sentence reduction based on retroactive application of the crack cocaine amendments to the guidelines. [Record No. 168]

Following the United States Sentencing Commission's most recent amendments to the United States Sentencing Guidelines regarding crack cocaine offenses, Wheeler wrote to the United States Probation Office in Lexington, Kentucky, seeking information regarding whether the recent amendments would result in his sentence being reduced. On January 17, 2012, United States Probation Officer Warren G. Little II responded to Wheeler's inquiry, explaining that he would not be eligible for a sentence reduction due to his classification as a career offender. Wheeler has also written to the Clerk of the Court requesting copies of transcripts to be used in

connection with the filing of a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). The Clerk has docketed Wheeler's letter as a motion that the subject transcripts be provided at no charge. [Record No. 174] The Court will deny the construed motion for the following reasons.

Under 28 U.S.C. § 753(f) and 28 U.S.C. § 2250, the government has a responsibility to provide transcripts or other court documents to inmates under certain circumstances. *See United States v. Gains*, 1992 WL 38157, at *1 (E.D. Pa. Feb. 20, 1992). For example, under § 753(f), the government must furnish transcripts to a prisoner with a pending habeas petition pending if: (1) the prisoner has authorization to proceed *in forma pauperis*; (2) the court finds that the § 2255 action is non-frivolous, and (3) the court need the transcripts to rule on a contested issue. *See* 28 U.S.C. § 753(f). Additionally, § 2250 provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. Neither statutory section mentions motions seeking sentence reductions under 18 U.S.C. § 3583. However, Wheeler's motion would fail under both sections even if they were construed as being applicable to a motion for a sentence reduction under § 3583.

To invoke either § 2250 or § 753(f), Wheeler must have a motion for relief *pending*. *See United States v. Cononor*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970); *United States v. Agbomire*, 239 F.App'x 929, 929-30 (5th Cir. 2007); *United States v. Lewis*, 1994 WL 563442, at *1-2 (10th Cir. Oct. 14, 1994); *Corrigan v.*

*Thomas*, 55 F.App'x 754, 756 (6th Cir. 2003) ("Finally, federal prisons are not entitled to obtain a transcript . . . at government expense under [§753(f)] for the purpose of preparing a motion to vacate where there was not motion to vacate sentence pending.") (citing *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963). Because Wheeler has not filed a motion seeking a sentence reduction, the posture of this case precludes the application of § 2250 or § 753(f).

In addition, even if a motion for a sentence reduction were pending, Wheeler would be required to make a "showing of need." *See United States v. Nelson*, 1991 WL 59411, at *1 (10th Cir. April 16, 1991); *see also Irby v. Swenson*, 361 F. Supp. 167, 167 (D.C. Mo. 1973); *Wiggins v. United States*, 1005 WL 1362234, at *2 (S.D. Miss. June 3, 2005); *Althouse v. Cockrell*, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004). Here, no such showing has been demonstrated.

Finally, and most importantly, Wheeler's request will be denied because any request for a sentence reduction under 18 U.S.C. § 3583 would be frivolous. Wheeler was sentenced based on his status as a career offender. His guideline range was unaffected by the earlier crack cocaine guidelines amendments and it is unaffected by the most recent amendments. Accordingly, it is hereby

**ORDERED** that Defendant Patrick Wheeler's pro se motion for sentencing transcripts [Record No. 174] is **DENIED**.

This 19th day of January, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge