UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PATRICK DUANE WHEELER, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 18, 2006, Defendant Patrick Duane Wheeler was charged with conspiracy to distribute and possession with intent to distribute a controlled substance.[1]  The Superseding Indictment filed on June 22, 2006 alleged that Wheeler conspired with others to possess, and did possess with intent to distribute, fifty grams or more of "a mixture or substance containing a detectable amount of cocaine base (crack cocaine)," in violation of 21 U.S.C. §§ 841(a)(1) and 846.  [Record No. 75, p. 2]  According to the Amended Judgment and other relevant documents, the underlying events giving rise to Wheeler's conviction and sentence ended on January 8, 2006.  [*See id.*]  Wheeler was sentenced to a term of imprisonment of 327 months on January 8, 2007.  [Record Nos. 130, 166]

---

1       Wheeler was charged as Patrick Willard.  On October 16, 2007, Wheeler wrote to the Court to correct the clerical error.  [Record No. 162]  The Court entered an amended judgment reflecting the correction on October 18, 2007.  [Record Nos. 165, 166]

By letter postmarked April 8, 2013, Defendant Wheeler wrote to the Court "seeking reli[e]f for a sentence reduction under the Fair Sentencing Act." [Record No. 179]  In other words, Wheeler requests that the Court apply the 2010 amendments to his case based on the United States Sentencing Commission's view that the amendments should be applied retroactively.  The Court notes, however, that the position taken by the Sentencing Commission is contrary to the law of this circuit.  The Sixth Circuit has consistently held that the provisions of the Fair Sentencing Act of 2010 do not apply to offenses committed prior to the effective date of the act.[2]  *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *see United States v. Ruff*, 437 F. App'x 448, 451 (6th Cir. 2011) (unpublished).  Here, the crime that forms the basis for Defendant Wheeler's conviction occurred before the effective date of the Fair Sentencing Act of 2010, and he was sentenced before the Act became effective.  Therefore, the holdings in *Carradine* and *Ruff* foreclose the retroactive application of the Fair Sentencing Act of 2010 to Wheeler's case.

Moreover, as the Court explained in its March 3, 2008 Notice, Wheeler's original guideline range is not affected by the crack cocaine amendments.  [Record No. 168]  Because Defendant Wheeler had two prior felony drug convictions, he faced a mandatory life sentence

---

2       The cases cited in Wheeler's motion are factually distinguishable from this action and, therefore, do not support his request for a sentence reduction.  *See United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013) (holding that defendant was eligible for sentence reduction even though he entered into a Rule 11(c)(1)(C) plea agreement); *United States v. Wren*, 706 F.3d 861 (7th Cir. 2013) (discussing application of retroactive guidelines reduction where sentence was below the mandatory minimum due to a substantial-assistance motion); *United States v. Doe*, 564 F.3d 305 (3d Cir. 2009) (affirming district court's denial of motion to reduce the defendants' sentences where the applicable guideline range was not affected by the retroactive amendment because the mandatory minimum applied).

of imprisonment in connection with his conviction.[3]  [*See* PSR, ¶ 82]  As a result, the retroactive application of the crack cocaine amendments would not result in a reduction of Wheeler's sentence.  *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").  Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant Patrick Duane Wheeler's motion for retroactive application of the Fair Sentencing Act of 2010 to his sentence [Record No. 179] is **DENIED**.

2.      The Clerk is directed to forward a copy of this Memorandum Order to Defendant Patrick Duane Wheeler at the Sandstone Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072.

This 16th day of April, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

3       Because Wheeler is a career offender under within the meaning of U.S.S.G. § 4B1.1, both before and after the crack cocaine amendments, his offense level under this provision of the guidelines is 37, less a three level reduction for acceptance of responsibility.  A Total Offense Level of 34 combined with Criminal History category VI results in a guideline range of 262 to 327 months.