UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PATRICK D. WILLARD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Patrick Willard is currently serving a term of imprisonment of 327 months following his conviction for conspiring to distribute, and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846.  [Record Nos. 130, 166]  On this date, Wheeler filed a pleading captioned, "Motion Explaining Why the Amendment 782 Applies in Spite of the Sentence as a Career Offender in Support of Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on Amendment 782."  [Record No. 181]  In essence, Martin acknowledges through this pleading that, while his guideline range was enhanced as a result of his status as a Career Offender, he is nonetheless entitled to a sentence reduction under the recent amendments to the United States Sentencing Guidelines.

Although the defendant cites two unreported district court cases in support of his position, Willard's argument is incorrect.  His motion will be denied because Willard's guideline range is unaffected by the recent amendments.

Title 18 of the United States Code, § 3582(c), prohibits the Court from modifying a term of imprisonment once it has been imposed except under very limited circumstances, none of which are applicable here. Section 3582(c)(2) only gives the Court authority to reduce a sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as long as the reduction is consistent with the applicable policy statements issued by the Commission. The recent amendments reduce the base offense level within the drug quantity table found in U.S.S.G. § 2D1.1(c).

However, Wheeler was sentenced as a Career Offender under U.S.S.G. § 4B1.1. His guideline range was not based on the drug quantity table and, therefore, the recent amendments do not apply to his sentence. *See, e.g.*, *United States v. Wherry*, 518 F. App'x 434, 437–38 (6th Cir. 2013) (rejecting the argument that Amendment 750 applies to career offenders). Thus, his non-binding guideline range remains unchanged and 18 U.S.C. § 3582(c) is inapplicable. Furthermore, even if Wheeler were eligible for a reduction, it would not be warranted in light of the sentencing goals of 18 U.S.C. § 3553(a). Accordingly, it is hereby

**ORDERED** that Defendant Patrick Wheeler's motion, which the Court construes as a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) [Record No. 181], is **DENIED**.

This 19th day of October, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge